**Zhizhong LIU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71285.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Francisco, CA, Beth S Liebmann, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Zhizhong Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Wang v. INS*, 352 F.3d 1250, 1253, 1257 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Liu's testimony was implausible, internally inconsistent, and inconsistent with his application regarding, *inter alia*, the distribution of his manuscript, how it was copied, why he wanted to have it published, and whether it could, in fact, lead to any persecution. *See id.* at 1257–59; *Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). Moreover, Liu's testimony conflicted with documentary evidence and the State Department Report on several key grounds, including the publicity and common knowledge of the Tiananmen Square incident. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001)

(stating that State Department Report may be used to discredit petitioner's credibility regarding general context of persecution if individualized analysis is conducted).

Because Liu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

We decline to review the IJ's denial of relief under the Convention Against Torture because Liu failed to challenge it in his brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

